IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    *Plaintiff,*

vs.

Case No. 12-10207-01-EFM

MAC WILLIAM WATKINS,

    *Defendant.*

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant Mac William Watkin's Motion to Reduce Sentence – First Step Act (Doc. 122). He seeks early release from prison due to having underlying health conditions that make him susceptible to contracting serious COVID-19 complications. The government opposes Defendant's motion. For the reasons stated in more detail below, the Court denies Defendant's motion.

## I.    Factual and Procedural Background

On July 12, 2013, Defendant pleaded guilty to conspiracy to distribute and possession with intent to distribute more than 50 grams of methamphetamine, in violation of 21 U.S.C. § 846 and § 841(b)(1)(A)(viii). On September 23, 2013, Defendant was sentenced to 157 months imprisonment. On February 3, 2015, Defendant's sentence was reduced to 136 months.

Defendant is 43 years old, and he is currently incarcerated at Beaumont Medium FCI. There have been 85 positive COVID-19 cases, and no inmates have died in the facility in which Defendant is housed.[1] Currently, there is one active inmate case and one active staff case. Defendant's projected release date is September 28, 2022.

On August 24, 2020, Defendant filed a motion seeking early release due to the risk of contracting COVID-19 in prison. He states that he is more susceptible to serious COVID-19 complications due to his underlying health conditions of obesity, bipolar disorder, and chronic hepatitis C. Defendant is represented by counsel.

## II.   Legal Standard

The First Step Act amended the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), to allow a defendant to file his own motion for release.[2] It allows defendants to seek early release from prison provided certain conditions are met. First, "a criminal defendant may file a motion for compassionate release only if: '(1) he has exhausted all administrative rights to appeal the [Bureau of Prisons' ("BOP")] failure to bring a motion on his behalf, or (2) 30 days have passed since the warden of his facility received his request for the BOP to file a motion on his behalf.' "[3] The administrative exhaustion requirement is jurisdictional and cannot be waived.[4]

---

[1] Federal Bureau of Prisons, *COVID-19 Coronavirus: COVID-19 Cases*, https://www.bop.gov/coronavirus/ (last visited October 13, 2020).

[2] *See* First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018).

[3] *United States v. Boyles*, 2020 WL 1819887, at *2 (D. Kan. 2020) (citing *United States v. Alam*, 2020 WL 1703881, at *2 (E.D. Mich. 2020)); *see also* 18 U.S.C. § 3582(c)(1)(A).

[4] *See United States v. Johnson*, 766 F. App'x 648, 650 (10th Cir. 2019) (holding that without an express statutory authorization, a court lacks jurisdiction to modify a sentence); *United States v. Read-Forbes*, 454 F. Supp. 3d 1113, 1116-17 (D. Kan. 2020) (examining the text, context, and historical treatment of § 3582(c)'s subsections to determine that the exhaustion requirement is jurisdictional); *Boyles*, 2020 WL 1819887, at *2 (determining that exhaustion of administrative remedies is a prerequisite for the court's jurisdiction); *cf. United States v. Younger*, 2020 WL 3429490, at *3 (D. Kan. 2020) (reasoning that the Sixth Circuit's approach articulated in *United States v. Alam*,

Next, if a defendant satisfies the exhaustion requirement, the Court may reduce the defendant's sentence, after considering the factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable, if the Court determines: (1) "extraordinary and compelling reasons warrant such a reduction;" or (2) "the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c) . . . and a determination has been made by the Director of the [BOP] that the defendant is not a danger to the safety of any other person or the community."[5]  Finally, the Court must ensure that any reduction in the defendant's sentence under this statute is "consistent with applicable policy statements issued by the Sentencing Commission."[6]

### III.    Analysis

Defendant seeks early release based on the risk of contracting COVID-19 and having serious complications due to his underlying health conditions.  The government asserts that Defendant is not an appropriate candidate for early release.

**A.    Exhaustion**

Defendant has satisfied the exhaustion requirement described in § 3582(c).  He requested compassionate release, through his counsel, from the Warden on July 13, 2020.  As of August 24, the date this motion was filed, Defendant had not received a response from the Warden.  The government also admits that Defendant meets the exhaustion requirement.  Thus, because more

---

960 F.3d 831 (6th Cir. 2020), is "highly persuasive," and concluding that § 3582(c)(1)(A)'s exhaustion requirement is a claims-processing rule).

[5] 18 U.S.C. § 3582(c)(1)(A)(i)-(ii).

[6] *Id.*; *see also Dillon v. United States*, 560 U.S. 817, 819 (2010) (holding that the Sentencing Commission's policy statement regarding 18 U.S.C. § 3582(c)(2) remains mandatory in the wake of *United States v. Booker*, 543 U.S. 220 (2005)).

than 30 days have passed since Defendant's request, the Court has jurisdiction to decide his motion.

## B.     Extraordinary and Compelling Reasons

Defendant next asserts that his medical conditions of obesity, bipolar disorder, and chronic hepatitis C coupled with the outbreak of COVID-19 in prison constitutes an extraordinary and compelling reason warranting a sentence reduction under § 3582(c)(1)(A). One condition, obesity, is listed by the Centers for Disease Control and Prevention ("CDC") as one that is at increased risk for severe illness from COVID-19.[7] Neither Hepatitis C or bipolar disorder are listed as conditions that are at increased risk of serious complications should Defendant contract COVID-19. Although the Court is sympathetic to Defendant's concerns and recognizes that Defendant's risk of contracting COVID-19 may be higher due to his underlying health conditions, he does not show a relatively high risk. There is no widespread outbreak at Beaumont Medium in which Defendant is housed. Indeed, there is only one active inmate and one active staff COVID-19 case.[8] Furthermore, the BOP has implemented procedures to control outbreaks. Generalized concerns about COVID-19, even when the virus has spread within a correctional facility, do not create the type of extraordinary and compelling circumstances sufficient to justify compassionate release.[9] Accordingly, Defendant does not meet his burden in demonstrating extraordinary and compelling circumstances warranting compassionate release.

---

[7] CDC, *People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited October 13, 2020).

[8] Federal Bureau of Prisons, *COVID-19 Coronavirus: COVID-19 Cases*, http://bop.gov/coronavirus/ (last visited October 13, 2020).

[9] *United States v. Dial,* 2020 WL 4933537, at *3 (D. Kan. 2020) (citing *United States v. Seymon*, 2020 WL 2468762, at *4 (C.D. Ill. May 13, 2020) ("The Court does not seek to minimize the risks that COVID-19 poses to

## C. Section 3553(a) Factors

Alternatively, even if Defendant's medical conditions would present an extraordinary and compelling reason, the Court must also consider whether Defendant's sentence reduction would comply with the sentencing factors enumerated in 18 U.S.C. § 3553(a) "to the extent that they are applicable."[10] Some of these factors include the nature and circumstances of the offense; the need for the sentence imposed to reflect the seriousness of the offense, afford adequate deterrence, and protect the public from future crimes by the defendant; and the need to avoid unwarranted sentence disparities.[11] Here, these factors do not favor his release.

Defendant pleaded guilty to conspiracy to distribute and possession with intent to distribute more than 50 grams of methamphetamine. The sentencing guideline range was 151 to 188 months based on Defendant's total offense level of 29 and criminal history category of VI. The Court sentenced Defendant to 157 months. Based on a later adjustment of the sentencing guidelines, Defendant's sentence was reduced to 136 months on February 3, 2015.[12] At this point, Defendant has served about 93 months of his 136-month sentence, or approximately 80 percent, with good time credit. He has approximately two years remaining on his sentence.

The Court remains convinced that 136 months is the appropriate sentence. Reducing Defendant's sentence to time served would not reflect the seriousness of Defendant's criminal conduct nor provide adequate deterrence or appropriate punishment. Defendant's sentence

---

inmates in the BOP," however, "the mere presence of COVID-19 in a particular prison cannot justify compassionate release – if it could, every inmate in that prison could obtain release.").

[10] 18 U.S.C. § 3582(c)(1) (stating that the court should consider the factors set forth in § 3553(a) when determining the length of imprisonment).

[11] 18 U.S.C. § 3553(a).

[12] The revised sentencing guidelines amended Defendant's offense level to 27.

reflected the seriousness of his crime after law enforcement conducted a week-long surveillance on him. During that week, Defendant provided 35 grams of methamphetamine to an accomplice for sale. Later that week, Defendant was arrested with 149.44 grams of a mixture of methamphetamine in his possession that he had purchased from Oklahoma and returned to Kansas to sell. Furthermore, as noted above, although Defendant does have an underlying medical condition of obesity, he is not at relatively high risk of contracting serious COVID-19 complications based on the low number of active, positive COVID-19 cases in his facility. The Court finds that the 136-month sentence remains sufficient, but not greater than necessary, to meet the sentencing factors in § 3553(a) and punish the offense involved. Accordingly, the Court finds that Defendant does not demonstrate extraordinary and compelling reasons to warrant his early release from prison.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Reduce Sentence – First Step Act (Doc. 122) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 15th day of October, 2020.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE